IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKE COUNTY PLASTERERS AND CEMENT MASONS FRINGE BENEFIT FUNDS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 10 C 2759 |
| LUCZAK BROTHERS, INC., *et al.* | ) ) ) | MAGISTRATE JUDGE KEYS |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO ENFORCE THE
TERMS OF A CONSENT DECREE AND
ENTER JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, Lake County Plasterers and Cement Masons Fringe Benefit Funds, *et al.* ("Plaintiffs" or "Funds"), by and through their attorneys, and move the Court to enforce the terms of a Consent Decree agreed to by the parties and entered by this Court on November 16, 2010, and enter judgment in Plaintiffs' favor. In support of the Motion, Plaintiffs state as follows:

1.  This action was originally brought by the Plaintiffs alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the Operative Plasterers and Cement Masons International Association, Local 11, AFL-CIO, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. Count I of the First Amended Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On November 16, 2010, a Consent Decree incorporating the terms for settlement agreed to by the parties was entered by this Court (a copy of the Consent Decree is attached as Exhibit A).

3. Based on reports submitted to Plaintiffs for the months of November 2009 through July 2010, Luczak Brothers agreed that it owes Plaintiffs contributions of $17,423.74, plus liquidated damages of $6,446.82 for contributions reported and paid late, or remaining unpaid, through the reporting month of July 2010 (Ex. A).

4. Luczak Brothers is further obligated to pay the Funds' court costs and attorneys' fees incurred in efforts to collect unpaid amounts, which totaled $2,612.50, as of September 1, 2010 (Ex. A).

5. Contingent upon Luczak Brothers timely paying all amounts required by the Consent Decree, and timely reporting and paying all contributions that come due to the Funds through the course of the payment schedule in Paragraph 10, the Trustees of the Funds agreed to Luczak Brothers' request to waive one half (½) of the assessed liquidated damages ($3,223.41), and to accept a reduced interest rate of 7% (down from 18%), per year on the declining balance of the agreed payment schedule (Ex. A).

6. Luczak Brothers agreed to pay the Funds a total of $23,259.65, in thirty-six (36) monthly installments. This amount consists of the contributions ($17,423.74), ½ of the liquidated damages ($3,223.41), and the costs and attorneys' fees ($2,612.50), set forth above. The first payment of $720.00 was due by October 31 2010, with thirty-four (34) payments of $720.00 due on the last day of each month thereafter, and a final payment of $647.75 due by September 30, 2013 (Ex. A).

7. Under the Consent Decree, if Luczak Brothers failed to timely make any monthly payments as set forth therein, or failed to timely report and pay its regular monthly contributions that come due during the course of the payment schedule, Luczak Brothers would be in default. In the event of a default, Plaintiff agreed to give written notice thereof to Luczak Brothers, and in the event Luczak Brothers failed to cure said default within five (5) business days of receipt of said notice, then upon notice and motion, Plaintiffs would be entitled to promptly move this Court to enforce the Consent Decree by entering judgment in favor of Plaintiffs and against Luczak Brothers for any amounts remaining unpaid under the agreed payment schedule as of the date of default, plus the liquidated damages that would have been waived, with interest on such amounts calculated at the rate of 18% per year from the first date of default, plus any additional costs and attorneys' fees incurred by Plaintiffs on or after September 1, 2010, to collect such amounts or enforce this Consent Decree (Ex. A).

8. The Consent Decree provided that nothing contained therein required the Plaintiffs to take legal action in the event of a default, and that if Plaintiffs decided in their sole discretion to permit additional time for Defendant to cure such default, such allowance of additional time would not be construed as a waiver of their rights under the Consent Decree (Ex. A).

9. On December 2, 2010, Plaintiffs' counsel send Defendant's counsel a letter advising that Luczak Bros. was in default under the consent decree because the Funds had not received the $720 monthly payments due October 31, 2010 or November 30, 2010, and because Defendant had not submitted its regular reports and contributions for September or October 2010 (due October 31, 2010 and November 30, 2010, respectively). A copy of the December 2, 2010 letter and facsimile transmission confirmation is attached as Exhibit B.

3

10. Plaintiffs received two $720 payments on December 14, 2010 (Ex. E, French Affidavit).

11. On February 14, 2011, Plaintiffs' counsel send Defendant's counsel a letter advising that Luczak Bros. was in default under the consent decree because the Funds had not received the $720 monthly payments due December 31, 2010 or January 31, 2011, and because Defendant had not submitted its regular reports and contributions for September, October, November or December 2010 (due October 31, 2010, November 30, 2010, December 31, 2010, and January 31, 2011, respectively). A copy of the February 14, 2011 letter and facsimile transmission confirmation is attached as Exhibit C.

12. Plaintiffs received two $720 payments on February 16, 2011 (Ex. E, French Affidavit).

13. On March 24, 2011, Plaintiffs' counsel send Defendant's counsel a letter advising that Luczak Bros. was in default under the consent decree because the Funds had not received the $720 monthly payment due February 28, 2011, and because Defendant had not submitted its regular reports and contributions for September, October, November, December 2010, or January 2011 (due October 31, 2010, November 30, 2010, December 31, 2010, January 31, 2011, and February 28, 2011. respectively). The letter further advised that check stubs produced by a former Luczak Bros. Employee indicated that there were unpaid contributions due for September, October and November 2010. A copy of the March 24, 2011 letter and facsimile transmission confirmation is attached as Exhibit D.

14. As of the date of filing the instant motion, Defendant has failed to submit the installment payments due on February 28, 2011 and March 31, 2011, and has failed to submit reports

4

and contributions for September 2010 through February 2011, notwithstanding the cure notices sent pursuant to the Consent Decree (Ex. E, French Affidavit).

15. Given that the first date of default was October 31, 2010, interest is to be recalculated at the rate of 18% per year from that date forward on both the principal in the payment schedule, and the liquidated damages that would have been waived. Taking into account the $1,440.00 payments received in December 2010 and February 2011, Defendant owes interest of $2,345.43, calculated through April 2011 (Ex. E, French Affidavit).

16. Plaintiffs have incurred costs and attorneys's fees of $1,798.00, for September 1, 2010 through April 21, 2011 (Ex. F, Chapman Affidavit).

WHEREFORE, Plaintiffs hereby move the Court to enforce the terms of the Consent Decree and enter judgment against the Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant to include the principal amount of $23,259.65, the liquidated damages that would have been waived of $3,223.41, minus payments received of $2,880.00, with recalculated interest of $2,345.43 , for a total of $25,948.29 being the total amount due pursuant to the terms of the Consent Decree.

B. That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $1,798.00 in attorneys' fees incurred by the Plaintiffs in this matter since September 1, 2010, including one (1) additional hour of attorneys' fees to appear for the hearing on the instant motion.

C. That judgment be entered in favor of Plaintiffs and against Defendant in the total amount of $27,746.29, plus post-judgment interest as required by 28 U.S.C. §1961.

D. That Plaintiffs be awarded their costs and attorneys fees incurred in collection efforts.

      E.      That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

                    Respectfully Submitted,

                    /s/   Patrick N. Ryan

Patrick N. Ryan  
Attorney for Plaintiffs  
BAUM SIGMAN AUERBACH & NEUMAN, LTD.  
200 West Adams Street, Suite 2200  
Chicago, IL  60606-5231  
Bar No.: 6278364  
Telephone: (312) 236-4316  
Facsimile: (312) 236-0241  
E-Mail: pryan@baumsigman.com  
I:\362J\Luczak Bros\#22560\motion to enforce.pnr.wpd

## CERTIFICATE OF SERVICE

    The undersigned, an attorney of record, hereby certifies that on the 22nd day of April 2011, he caused to be electronically filed Plaintiffs' Motion to Enforce the Terms of a Consent Decree and Enter Judgment Against Defendant, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Barry E. Morgen
Attorney at Law
7101 North Cicero, Suite 101
Lincolnwood, IL  60712

                /s/   Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\362J\Luczak Bros\#22560\motion to enforce.pnr.wpd